**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

FRANK MARSHALL,                    :
AIS 119450,

                                   :

        Petitioner,

                                   :

vs.                                                CA 07-0240-WS-C

                                   :

ARNOLD HOLT,

                                   :

        Respondent.

## <u>REPORT AND RECOMMENDATION</u>

Frank Marshall, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).

## <u>FINDINGS OF FACT</u>

1.     Marshall was convicted in the Circuit Court of Mobile County, Alabama on April 8, 1986 of first-degree robbery. (Doc. 1, at 1) He was

sentenced to a thirty-year term of imprisonment. (*Id*.)

2.      The Alabama Court of Criminal Appeals affirmed Marshall's conviction and sentence on October 15, 1986 and overruled petitioner's application for rehearing on November 13, 1986. (Doc. 1, at 2) The Alabama Supreme denied Marshall's petition for writ of certiorari on January 23, 1987. (*Id*. at 3)

3.      On November 19, 1987, Marshall filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama, collaterally attacking his conviction and sentence. (*Id*.) The Rule 32 petition was denied by the trial court, without an evidentiary hearing, on December 10, 1987. (*Id*.)

4.      Marshall filed a petition for writ of mandamus in the Alabama Court of Criminal Appeals sometime between the end of 1987 and the latter part of 1995. (*See* Doc. 1, at 3-4) Marshall's petition was denied on October 30, 1995 (*id*. at 4) and this ruling was affirmed by the Alabama Supreme Court on December 27, 1995 (*id*.).

5.      Marshall filed the instant federal habeas corpus petition on March 30, 2007. (Doc. 1, at 14) The petition contains the following reference to 28 U.S.C. § 2244(d) and its application in this case:

> A.E.D.P.A. requires that a petitioner file his writ of habeas corpus within one (1) year from the date on which the judgment

became final by conclusion of direct review or the expiration of the time for seeking such review.[] 28 U.S.C. 2244(d)(1)(A). Although habeas petitions filed outside the one (1) year period are generally time-barred two exceptions may excuse an untimely filing. The first exception allows an otherwise time-barred petition to be heard when the petitioner shows that he is "actually innocent" of the crime charged and the second exception allows the statute of limitations to be [tolled upon a showing of] extraordinary circumstances beyond the petitioner's control and unavoidable despite due diligence. Both exceptions are met here in the case of Frank Marshall.

Wherefore, this Court should hear the merits if this petition given that A.E.D.P.A.'s one (1) year statute of limitations is subject to equitable tolling where, as here, "extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.

(Doc. 1, at 13)

## CONCLUSIONS OF LAW

1.     The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254.  *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied sub nom. Wilcox v. Moore*, 531 U.S. 840, 121 S.Ct. 103, 148 L.Ed.2d 62 (2000).

(d)(1)  A  1-year  period  of  limitation  shall  apply  to  an application  for  a  writ  of  habeas  corpus  by  a  person  in  custody

pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

2.      Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and therefore, the timeliness of Marshall's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his capital murder conviction became final. (*See* Doc. 1, at 13 (petitioner's admission that § 2244(d)(1)(A) is applicable in this case)) "For prisoners

whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is applicable in this case since Marshall's conviction became final on April 23, 1987, that is, ninety days after the Alabama Supreme Court denied petitioner's (direct appeal) petition for writ of certiorari. *See, e.g., Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) ("Appellant was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the Florida Supreme Court. Sup.Ct.R. 13.1. The statute of limitations under 28 U.S.C. § 2244(d) should not have begun to run until this 90-day window had expired. Appellant's state judgment became final on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing. The statute of limitations should have begun to run, therefore, on March 17, 1997."). Accordingly, Marshall's limitations period commenced on April 24, 1996 and expired on April 23, 1997, *see Guenther, supra*, 173 F.3d at 1331, almost ten years before he filed the instant § 2254 application.

3.    Marshall is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"); *cf. Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001), because the collateral attacks on his conviction and sentence which he mentions in his petition were filed before the one-year statute of limitations began to run under § 2244(d)(1). *Cf. Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations

6

period."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). In fact, petitioner makes no argument that § 2244(d)(2) is applicable in this case.

      4.    As indicated above, petitioner contends that the statute of limitations should be equitably tolled both because he is actually innocent of the crime for which he was convicted some twenty years ago and also because extraordinary circumstances worked to prevent him from timely filing his petition.  Recent decisions of the Eleventh Circuit have clearly embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue:  "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.'  . . .  Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (citation omitted).  Thus, the one-

year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998).

5.     In this case, petitioner has not established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations

period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Petitioner makes no argument that he was ignorant of the one-year limitations period nor has he done anything other than make the conclusory argument that extraordinary circumstances beyond his control worked to prevent him from timely filing his petition.  It is apparent to the undersigned that nothing other than petitioner's own lack of due diligence  is responsible for the untimeliness of the filing of the instant petition.

　　　　6.　　　Turning to petitioner's actual innocence argument, the Court notes that numerous circuit courts recognize an actual-innocence exception to AEDPA's statute of limitations. *See, e.g., Souter v. Jones,* 395 F.3d 577, 602 (6th Cir. 2005) ("[W]e hold that where an otherwise time-barred petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims."); *Flanders v. Graves,* 299 F.3d 974, 978 (8th Cir. 2002) (requiring that equitable tolling based on a claim of actual innocence be accompanied by "some action or inaction on the part of the respondent that prevented [the petitioner] from discovering the relevant facts

9

in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations"), *cert. denied*, 537 U.S. 1236, 123 S.Ct. 1361, 155 L.Ed.2d 203 (2003); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling is appropriate "when a prisoner is actually innocent" and "diligently pursue[s] his federal habeas claims"). To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995); *see also id.* at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."); *compare id. with Souter, supra*, 395 F.3d at 596 ("In sum, after evaluating the totality of the evidence offered at trial and the new evidence presented in his habeas petition, we conclude that Souter has met his burden of establishing a gateway actual innocence claim. This court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'"). In this case, petitioner has come

forward with no new reliable evidence that was not presented at trial to establish that he is actually innocent of the first-degree robbery of George Mickles; instead, he only presents his theory that police officers conspired to bring a false charge against him and in furtherance of the conspiracy convinced the alleged victim, George Mickles, to commit perjury during the trial. (*See* Doc. 1, Attachment, at 5, 8 &10 ("The alleged victim, **GEORGE MICKLES**, never did report a 'Robbery' against his person to Mobile Police Authority because he never was [a] victim of a 'Robbery'. **GEORGE MICKLES**[] never knew the Petitioner personally. And he never identified the Petitioner as a suspect on November 6, 1985 after the Petitioner's arrest. The Petitioner was actually a victim of a vindictive prosecution because he refused to cooperate and assist police authority in the capture and arrest of his friend and associate John Major wanted for the criminal offense of 'murder'. . . . The alleged victim['] . . . testimony on April 8, 1986 stated that he was not harmed or injured physically during the act of Robbery, against his person. . . . The State Prosecutor knew that 'no crime' had been committed and that the victim George Mickles[] was only a pawn in a serious game influence[d] by Police Authority to incarcerate the Petitioner until enough evidence was collected to charge him, alon[g] with his friend and associate[,] John Major,

for the Murder and Robbery of Bobby Vohn, [a] Police Street Informant."))
Even if this Court could somehow overlook the fact that this argument could
have been developed by petitioner long before the statute of limitations began
(April 24, 1996) and ended (April 23, 1997) in this matter, *see Flanders,
supra*; *Gibson, supra*, essentially what petitioner's argument boils down to is
that there was insufficient evidence presented at his trial to establish his guilt;
however, a jury of Marshall's peers found him guilty of first-degree robbery
based upon the evidence presented at trial and, therefore, petitioner can make
no credible argument that no reasonable juror, after hearing the trial evidence,
would have found him guilty beyond a reasonable doubt. *See Allen v. Yukins*,
366 F.3d 396, 405 (6th Cir. 2004), *cert. denied*, 543 U.S. 865, 125 S.Ct. 200,
160 L.Ed.2d 109 (2004).

      7.      In light of the foregoing, the undersigned concludes that this
case is not one of those rare cases in which principles of equitable tolling can
save petitioner from AEDPA's one-year limitations period.

## CONCLUSION

      The Magistrate Judge recommends that the instant petition be
dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

      The attached sheet contains important information regarding objections

to the report and recommendation of the Magistrate Judge.

**DONE** this the 14th day of September, 2007.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

  s/WILLIAM E. CASSADY_____
UNITED STATES MAGISTRATE JUDGE